MORGAN, LEWIS & BOCKIUS LLP
Robert M. Brochin
Clay M. Carlton
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131-2339

*Attorneys for Defendant Mortgage Electronic Registration Systems, Inc.*

BRYAN CAVE LLP (No. 00145700)
Sean K. McElenney (No. 016987)
Gregory B. Iannelli (No. 026549)
Eric M. Moores (No. 028280)
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
E-Mail: skmcelenney@bryancave.com
gregory.iannelli@bryancave.com
moorese@bryancave.com

*Attorneys for Defendants Countrywide Home Loans, Inc. (improperly named as "Countrywide Home Loans, Inc., n/k/a Bank of America, N.A., a National Banking Association"), and Bank of America, N.A.*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

Judith A. Erickson, an unmarried woman, and as Trustee of The Erickson Family Trust,

Plaintiff,

v.

Green Tree Servicing, LLC, a Delaware Limited Liability Company; Countrywide Home Loans, Inc., n/k/a Bank of America, N.A., a National Banking Association; Bank of America, N.A., a National Banking Association; Federal National Mortgage Association, a District of Columbia Corporation; Mortgage Electronic Registration Systems, Inc., a Delaware Corporation.

Defendants.

No. 3:14-cv-08089-NVW

Hon. Neil V. Wake

**DEFENDANTS' JOINT SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS**

Defendants submit their Joint Supplemental Memorandum to address the twelve questions and related issues the Court posed in its March 26, 2015 Order ("Order"). (ECF No. 77.) The Order raises questions generally regarding whether Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") may be designated as the beneficiary of an Arizona trust deed as a nominee of the Lender and its successors and assigns. The state and federal courts that have considered the issue under Arizona law have all held that MERS is and may be a beneficiary, and that as a valid beneficiary, MERS may assign the deed of trust. The deed of trust contract signed by Plaintiff Judith A. Erickson ("Erickson") securing the repayment of her loan is *not* rendered void or invalid because MERS was designated as the beneficiary of the security instrument. And the assignment of that deed of trust by MERS in March 2013 was valid, making Green Tree Servicing, LLC the beneficiary. Accordingly, because Erickson has not raised any plausible allegations of wrongdoing nor made any plausible allegation that the trustee's sale is not being pursued by the proper parties, Defendants' Motions to Dismiss should be granted, and the case dismissed with prejudice.

## I. BACKGROUND

In 2006, Erickson borrowed $338,000 ("Loan") from Countrywide Home Loans, Inc. ("Countrywide"). The Loan is evidenced by a Fixed/Adjustable Rate Note ("Note", Ex. A, attached), and the Note is secured by a Deed of Trust ("Deed of Trust", Ex. B, attached). The Deed of Trust signed by Erickson specifically provides that "**MERS is the beneficiary under this security instrument** . . . ." (emphasis in Deed of Trust). It also provides that "*the beneficiary of this security instrument is MERS (solely as nominee for Lender and Lender's successors and assigns)*." (*Id.* (emphasis added).) In regard to Erickson's contractual understanding and agreement, the Deed of Trust states that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, *MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose*

*and sell the property*; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument." (*Id.* at 2–3 (emphasis added).)

MERS, however, did not take any action to enforce the Deed of Trust, as it assigned the Deed of Trust to Defendant Green Tree Servicing, LLC ("Green Tree") on March 8, 2013, and the assignment was recorded. (Ex. C, attached.) At the time of the assignment, Green Tree was the servicer for Defendant Federal National Mortgage Association ("Fannie Mae"), the current successor and assign of the Lender. (ECF No.1-1 at 72.) On December 3, 2013—some ten months after Green Tree was assigned the Deed of Trust—Green Tree executed the Notice of Substitution of Successor Trustee (Ex. D, attached) and on February 7, 2014, it recorded a Notice of Trustee's Sale identifying Green Tree as the beneficiary, and scheduling the Property to be sold on May 9, 2014 (Ex. E, attached).

## II. MERS AS THE DESIGNATED BENEFICIARY ON A DEED OF TRUST

When a lender loans money to a home buyer, the borrower executes two *separate* but related documents: (1) a promissory note, and (2) a security instrument (here, a deed of trust). *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038–39 (9th Cir. 2011). The promissory note is a negotiable instrument under Article 3 of the Uniform Commercial Code and it sets forth the borrower's promise to repay the loan; promissory notes, as negotiable instruments, are bought and sold by transferring possession of the note. *See Smith v. Bank of Am., N.A.*, 2011 WL 1578508, at *2 (D. Ariz. Mar. 17, 2011). The deed of trust, as distinguished from the promissory note, is a *contract* that secures the repayment of the note by establishing a lien on the borrower's property. *See Cervantes*, 656 F.3d at 1042 (deed of trust is "an essentially private contractual arrangement.") (citing *Kenly v. Miracle Props.*, 412 F. Supp. 1072, 1075 (D. Ariz. 1976)); *Eardley v. Greenberg*, 792 P.2d 724, 728 (Ariz. 1990) ("[T]he beneficiary holds an enforceable lien on the property.").

Typically, when a MERS® System member originates a loan, the MERS® System member or its servicer takes possession of the note (becoming the noteholder), and the borrower and lender designate in the deed of trust that MERS is the beneficiary in its

capacity as nominee for the lender and its successors and assigns, and as such, holds legal title to the lien conveyed in the deed of trust.[1] *See Cervantes*, 656 F.3d at 1039. Borrowers such as Erickson contractually agree in the deed of trust that MERS is the beneficiary under the security instrument. *See id*. And, borrowers recognize in the deed of trust contract that MERS is the beneficiary in the capacity of being the nominee (or agent) for the lender and the lender's successors and assigns.[2] *See id*. After the borrower signs the deed of trust, it is recorded in the public, local land records with MERS as the designated beneficiary. *See id*.

When a *promissory note* is transferred between MERS® System members, *legal title to the deed of trust* remains with MERS, and the lien held by MERS is *not* assigned because MERS remains beneficiary, as nominee of the new noteholder. *See id*.; *Jackson v. MERS*, 770 N.W.2d 487, 498 (Minn. 2009) ("[A] mortgagee of record does not lose legal title when the mortgagee transfers interests in the promissory note . . . . [A]n assignment of only the promissory note, which carries with it an equitable assignment of the security instrument, is not an assignment of legal title."). If, however, a MERS® System member is no longer involved with the note after it is transferred, MERS will then assign its legal interest in the deed of trust to the non-MERS® System member and the loan is deactivated from the MERS® System database. *See Cervantes*, 656 F.3d at 1039.

---

1 A beneficiary of a deed of trust is distinguished from the role of the trustee, who holds legal title to the borrower's property, not the lien. *Steinberger v. McVey*, 318 P.3d 419, 434 (Ariz. Ct. App. 2014). The beneficiary, not the trustee, holds the lien. *Eardley*, 792 P.2d at 728.

2 Defendants use the words "nominee" and "agent" interchangeably, but no matter what word is used to describe the legal relationships created by the trust deed, the salient point is that MERS receives more than just authority to act on behalf of the beneficiary or lender. MERS acquires legal title to the trust deed, a real property interest, and thereby *is* the beneficiary in its capacity as nominee or agent.

## III. DISCUSSION

**<u>Question 1, Part 1</u>: Under Arizona law, can MERS be the Beneficiary if it is not "the person for whose benefit a trust deed is given"?**

The answer is a person or entity such as MERS may be the beneficiary of and hold legal title to the deed of trust in the capacity of nominee for the Lender. And such person or entity may be designated as the beneficiary as the nominee of the Lender even though it has no interest in or possession of the promissory note that is secured by the deed of trust.

### A. Arizona Courts Recognize That MERS Is A Valid Beneficiary Under Arizona Law.

Arizona state courts, Arizona federal courts—including this Court—and the Ninth Circuit hold that MERS may be the beneficiary of an Arizona deed of trust, without having interests in the debt. *See, e.g., Stauffer v. U.S. Bank Nat'l Ass'n,* 308 P.3d 1173, 1175 n.1 (Ariz. Ct. App. 2013) (MERS may be the beneficiary notwithstanding that "[t]he lenders retain the promissory notes and servicing rights to the mortgages"); *Delo v. GMAC Mortgage, LLC*, 232 Ariz. 133, 137-38, 302 P.3d 658, 661-63 (Ct. App. 2013) (MERS is "mortgagee of record" and "holder of legal title"); *Sitton v. Deutsche Bank Nat'l Trust Co.*, 233 Ariz. 215, 221, 311 P.3d 237, 243 (Ct. App. 2013) (MERS is beneficiary as nominee for "whomever happened to own the note"); *MacKenzie v. F. Nat'l Mortg. Ass'n*, 2012 WL 4711908, at *2 (D. Ariz. Oct. 3, 2012) ("[C]ourts have rejected the argument that MERS is a 'sham' beneficiary because it has no actual interest in the loan."); *Kentera v. Fremont Inv. & Loan*, 2011 WL 4005411, at *5 (D. Ariz. Sept. 8, 2011) ("This district has also rejected any theory that the beneficiary under a deed of trust must necessarily be identical to the beneficiary under the note it secures.").

Likewise, the Ninth Circuit has concluded that MERS may be and is a beneficiary under Arizona law. *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1169-1170 (9th Cir. 2013) ("*[U]nder Arizona law, MERS may serve as a beneficiary*.") (emphasis added); *see also, e.g., Buchna v. Bank of Am.*, 478 F. App'x 425, 426 (9th Cir. 2012) ("The [Plaintiffs'] argument based on their contention that MERS is not a valid beneficiary also

fails to state a claim."); *Cervantes*, 656 F.3d at 1038, 1042 (rejecting arguments that "the MERS system [is] fraudulent" and "MERS is a sham beneficiary").

Consistent with Arizona state court and Ninth Circuit precedent, this Court has repeatedly held that MERS may be and is a beneficiary in an Arizona deed of trust. *See, e.g.*, *Watson v. U.S. Bank Nat'l Ass'n*, 2011 WL 2746333, at *3 (D. Ariz. July 15, 2011) (Wake, J.) ("Plaintiffs continue to rely on the same meritless allegations" that MERS cannot be the beneficiary on a deed of trust); *Maxa v. Countrywide Home Loans, Inc.*, 2010 WL 2836958, at *6 (D. Ariz. July 19, 2010) (Wake, J.) ("[N]o Arizona authority has been found that requires a beneficiary under the Deed of Trust to be the owner and holder of the Note or that holds MERS cannot be named as a nominal beneficiary under a deed of trust."); *Contreras v. U.S. Bank as Tr. for CSMC Mortg. Backed Pass-through Certs., Series 2006-5*, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009) (Wake, J.) ("[T]he recorded documents show that Plaintiffs appointed MERS as the original beneficiary on the Deed of Trust and subsequently MERS assigned all beneficial interest to U.S. Bank, which then had authority to appoint Bosco as successor trustee to conduct the Trustee's Sale. Plaintiffs have not alleged that MERS had insufficient interest in the property to be the beneficiary of the deed of trust, and any amendment to allege that would be futile.").

Arizona courts have considered—and have uniformly rejected—the legal theory that MERS may not be the beneficiary under the deed of trust because MERS does not have any interest in the underlying note or debt obligation. In other words, Arizona courts have all found that while the holder of the note has an equitable interest in the deed of trust, it is not necessary, in turn, that the holder of the note must also be designated as the beneficiary of record. *Maxa*, 2010 WL 2836958, at *6 ("[N]o Arizona authority has been found that requires a beneficiary under the Deed of Trust to be the owner and holder of the Note.").

In sum, Arizona law—without exception—holds that MERS is and may be designated as a beneficiary of a deed of trust regardless of whether MERS holds the note. While the holder of the note or the "lender" holds an equitable interest in the deed of trust,

Arizona law is clear and well-settled that one need not be the holder of the note or "lender" to be the beneficiary of a deed of trust and hold the legal title to the security interest.

**B. Arizona Law Supports The Decisions Of The Arizona Courts That MERS Is A Valid Beneficiary.**

The case law holding that MERS may be and is a beneficiary of a deed of trust is, of course, fully supported by Arizona law. The purpose of the Deed of Trust is to "secure[] to Lender . . . the repayment of the Loan." (Ex. B at 2.) That does not mean, however, that only the lender (or note holder) can be designated as the "beneficiary" of the Deed of Trust. The Arizona Deeds of Trust Act (the "Act") does not define "beneficiary" as the lender, the holder of the note, or the secured party, as this Court has previously recognized. *See Maxa*, 2010 WL 2836958, at *6 ("[N]o Arizona authority has been found that requires a beneficiary under the Deed of Trust to be the owner and holder of the Note."). Rather, the Act provides for a broader definition of "beneficiary" that is more flexible and commercially practical by allowing the parties to *designate* a person to hold legal title to the trust deed for the benefit of (and as the nominee for) the person to whom the debt obligation is owed. A.R.S. § 33-801(1) (defining "beneficiary" as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given"). Neither does the definition of "beneficiary" in the Act limit the *capacity* in which a person may receive the "benefit" of the trust deed, e.g., MERS as nominee or agent of the Lender.

Although MERS thus meets the statutory definition, Defendants note that the Act was "enacted in 1971 to bypass time-consuming and expensive judicial foreclosure by using the power of sale authority to sell property securing a delinquent loan after complying with statutory procedural requirements." *Contreras*, 2009 WL 4827016, at *4. Its major purpose is to provide the statutory scheme for Arizona's non-judicial foreclosure process. *Osuna v. Bank of Am.*, 2011 WL 6182120, at *3 (D. Ariz. Dec. 13, 2011) ("The procedures for non-judicial foreclosures in Arizona are codified in" the Act). Moreover, the definitions contained in the Act apply only to the provisions contained in the Act, which pertain to the statutory scheme for non-judicial foreclosures. *See* A.R.S. § 33-801

(explaining that the definitions apply "[i]n this chapter"); *see also In re Irwin*, 293 B.R. 28, 31 (Bankr. D. Ariz. 2003) (finding that where definitions are applicable only to "this chapter," they do not apply generally).

The definition of "Beneficiary" in the Act—which governs Arizona's non-judicial foreclosure process—is pertinent when initiating a non-judicial foreclosure; it does not seem applicable here in response to the Court's question as to whether one who is not the noteholder may be designated by the contracting parties as the beneficiary of record. In other words, the Act's definition of a "Beneficiary" is considered when examining the acts of a beneficiary (or its authorized agent) in initiating a non-judicial foreclosure; it is not applicable, however, in determining whether to set aside the parties' contract where all, including Erickson, agreed to designate MERS as the beneficiary. In this case, MERS assigned the Deed of Trust and its beneficiary status to Green Tree, and MERS took no action under the Act to non-judicially foreclose. Arizona law recognizes that parties can, in a contractual setting, designate MERS as the beneficiary, and that such contractual status as a beneficiary is valid and will be recognized by the Courts—which is why all Arizona courts have held MERS is and may be a beneficiary under Arizona law.

In any event, in the Act the definition of beneficiary applies "*unless the context otherwise requires*." A.R.S. § 33-801 (emphasis added). Thus, although the definition is not relevant here, and MERS meets the Act's definition, defining "Beneficiary" in the Act to include "unless the context otherwise requires" means that this particular statutory definition is "not to be applied mechanistically and rigidly." *Walgreen Ariz. Drug Co. v. A.D.O.R.*, 97 P.3d 896 (Ariz. Ct. App. 2004) (quotation omitted). In other words, the definition of beneficiary has practical flexibility depending on the context of the statute and the dispute in which the statutory definition arises. The context here is that MERS was the beneficiary as the nominee of the Lender, and that the borrower, Erickson, agreed in a signed contract to designate MERS to be the beneficiary as the nominee of the Lender. In that context, Erickson contractually agreed to "otherwise designate" MERS as the beneficiary knowing that MERS was Lender's nominee who was authorized by the Deed

of Trust to enforce the Lender's rights on its behalf. (Deed of Trust, Ex. B (Erickson "understands and agrees that MERS (as nominee for Lender and Lender's successors and assigns) has the right: *to exercise any or all of those interests*, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.") (emphasis added).

Where, as here, MERS serves as the beneficiary as the lenders' nominee, the lender and MERS have agreed that MERS will not, and does not, hold the Note or obtain an equitable interest in the Deed of Trust. *Cervantes*, 656 F.3d at 1039 (MERS "holds legal title."). Rather, it is the lender who holds the promissory note and—as a result—holds the equitable interests in the Deed of Trust; and, it is MERS (as the lenders' nominee) who holds the legal title to the security instrument, as the lienholder of record.[3] As illustrated in detail by the Minnesota Supreme Court in *Jackson v. MERS, Inc.*:

> In the context of real property interests, equitable title refers to a beneficial interest in property and gives the holder the right to acquire formal legal title . . . . Legal title, on the other hand, is a title that evidences apparent ownership but does not necessarily signify full and complete title or a beneficial interest. Finally, record title refers to a title as it appears in the public records after the deed is properly recorded . . . .
>
> [P]laintiffs argue that a mortgagee cannot hold legal title to a mortgage unless that mortgagee also has at least some interest in the underlying indebtedness . . . . *[I]t is possible for a party to hold legal title in the security instrument—title that evidences apparent ownership but does not necessarily signify a beneficial interest—without holding an interest in the promissory note . . . . [L]egal and equitable title can be separated . . . . [T]he debt, and consequently the real ownership of the security instrument, may be in one person, while what may be termed the 'legal title' to the security instrument is in another . . . .*

---

[3] A transfer of the note transfers an equitable interest in the underlying security, without a formal assignment of the security instrument by the legal title holder or lienholder of record. *Kiah v. Aurora Loan Servs., LLC*, 2011 WL 841282, at *4 (D. Mass. Mar. 4, 2011) ("By law, the transfer of the Note automatically transfers *an equitable interest* in the underlying mortgages even without a formal assignment. An *equitable right to the mortgage was therefore transferred . . . along with the note*.").

770 N.W.2d at 497–501 (emphasis added).

It is thus entirely proper for a lender, who holds the promissory note and equitable interests in the Deed of Trust, to designate a nominee or agent, MERS, to hold legal title to the Deed of Trust and serve as the beneficiary of record to exercise the powers granted by the Act.[4] *See, e.g.*, *Maxa*, 2010 WL 2836958, at *6.

**Question 1, Part 2: If MERS is not the Beneficiary, then does the Deed of Trust provide the remedies and obligations of a mortgage (*see* A.R.S. § 33-702) but not the option of a non-judicial foreclosure?**

**Question 2, Parts 1, 2: Does this transaction remain within the confines of the Arizona Deed of Trust Act if the undefined term "nominee" is construed as "agent" and the purported status of MERS as Beneficiary disregarded? Is the original Lender the Beneficiary until the Deed of Trust and endorsed Note are transferred to a successor Lender/Beneficiary?**

If MERS is not the designated beneficiary, and MERS' beneficiary status is disregarded, *the deed of trust and the lien on the property remain valid*, and its remedies and obligations, including the option to foreclose, would then be available to the Lender. *See Cervantes*, 656 F.3d at 1044. Under this scenario, the Deed of Trust may then be enforced by the lender, and its successors and assigns, through the power of sale. As explained by the Ninth Circuit in *Cervantes*:

> Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the [trust] deed, *we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose*.

---

[4] The Court in its question suggests that nobody contends that MERS obtained "an ownership interest in real property." This is true, but to be clear, the beneficiary of a security instrument does not take an "ownership" interest in real property. In *In re Bisbee*, the Supreme Court held that, aside from the legal title conveyed to the trustee, "[a]ll other incidents of title remain in the trustor." 754 P.2d 1135, 1138 (Ariz. 1988). Thus, there is nothing left for the beneficiary to have, except a lien that may be enforced by directing the trustee to sell the property. MERS holds legal title to the lien, and it does so as the lender's agent (or nominee). *See id*.

*Id.* (emphasis added).[5] As the Ninth Circuit recognized, "[e]ven if MERS were a sham beneficiary, *the lenders would still be* entitled to repayment of the loans and would be *the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans*." *Id.* (emphasis added). The power to "initiate foreclosure" includes the power of non-judicial sale, because the trustee of the Deed of Trust acquired legal title to the property and "[b]y virtue of his position," the trustee has the power to sell the property. A.R.S. § 33-807(A). Thus, the power of non-judicial sale exists so long as the trustee has authority to act on behalf of the lender to whom repayment is owed. Here, as in *Cervantes*, that power of sale exists because "[t]he plaintiffs' allegations do not call into question whether the trustees were agents of the lenders." *Cervantes*, 656 F.3d at 1044. Here there is no dispute of authority because the trustee who noticed the sale was appointed by the current beneficiary and the lender's servicing agent, Green Tree, not by MERS. The trustee is an authorized agent of the lender, and is entitled to sell the property. *See id*.

**<u>Question 2, Part 3</u>: Does MERS have power to transfer ownership of the Note? Must it have instruction from the actual Holder to do so? Or does MERS merely keep track of unrecorded transfers made between lenders until it is instructed to place on the public record the end result of the transfers?**

The "power to transfer ownership of the Note" is governed by the provisions of the Uniform Commercial Code governing negotiable instruments and their transfer. A.R.S. § 47-3201 (adopted from Art. III of the U.C.C.) provides that "a note is negotiated by *transferring possession*, whether voluntary or involuntary, of the note by a person other than the issuer to a person who thereby becomes its holder. If a note is payable to an identified person, negotiation requires transfer of possession of the note and its indorsement by the holder. If a note is payable to bearer, it may be negotiated by transfer of possession alone." (emphasis added). Thus, one's "power" or ability to negotiate or

[5] The Ninth Circuit similarly held in *Zadrozny* that "[e]ven if MERS were a sham beneficiary," *the lender* would still be entitled to commence non-judicial foreclosure proceedings. 720 F.3d at 1169.

transfer a promissory note derives from being the holder of the note such that its possession can be transferred "to a person who thereby becomes its holder." The change in the owner of the indebtedness is reported to the MERS® System database by the lender-member, but MERS would not be and is not "instructed to place on the public record the end result of the transfers" because the transfer of a promissory note between lenders, or the identity of any holder of the note, is not and has never been recorded in the public land records.

A point in fact, however, is that MERS does not transfer or negotiate promissory notes or debt because it does not hold notes, and MERS® System members typically do not direct MERS to transfer notes on their behalf.

**__Question 3__: If MERS is not the Beneficiary, as Lender's agent does it have authority to appoint a successor trustee?**

Under Arizona law, it is the beneficiary of the deed of trust (or the beneficiary's authorized agent) who may appoint a successor trustee. *See* A.R.S. § 33-804(D) ("A notice of substitution of trustee shall be sufficient if acknowledged by all beneficiaries under the trust deed or their agents."). If MERS' status as beneficiary were disregarded, a valid lien remains on Erickson's property, and thus the Lender would be deemed to be the beneficiary by default. *Cervantes,* 656 F.3d at 1044. If the Lender is the beneficiary of the Deed of Trust, and MERS is not, then MERS, as the Lender's agent, has the authority and the right to substitute the trustee because A.R.S. § 33-804(D) specifically allows trustees to be substituted by the beneficiary's "agent." *See also* A.R.S. § 33-804(F) ("no action required to be performed by the trustee under this chapter or under the deed of trust may be taken *until a successor trustee is appointed by* the beneficiary or *the beneficiary's agent*") (emphasis added).

In this case, however, MERS was the beneficiary of the Deed of Trust until March 8, 2013; and therefore, MERS would have been the proper party to appoint a successor trustee until that date. The Deed of Trust, however, was assigned by MERS to Green Tree,

and so Green Tree was a proper party, as the beneficiary, to appoint a successor trustee when it did so on December 3, 2013. *See* A.R.S. § 33-804(D).

**Question 4: If Beneficiary status can be held and transferred independent of Holder status, does that separate the Note from the Deed of Trust? Does that void the Deed of Trust, leave it enforceable as a mortgage, or void the Note?**

The answer is No. The "h[o]ld[ing and transfer[ring]" of "beneficiary status" under a trust deed does not "separate" the note from the deed of trust, and it does not render the deed of trust void, unenforceable, or otherwise invalid. A promissory note (debt instrument) and a deed of trust (security instrument) are separate agreements containing different rights and obligations *Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 784 (Ariz. 2012). As such, they each may be separately transferred or assigned. Furthermore, when MERS holds a deed of trust as beneficiary as nominee for the Lender, MERS holds legal title on the lender's behalf, and the lender keeps an equitable interest—the note and security thus are never separated through the use of MERS. Further, MERS also is the Lender's agent; therefore the trust deed and note—while separate instruments—are also connected through the principal/agent relationship. The so-called "split the note theory" that is invoked in the Court's question has been repeatedly rejected by courts interpreting Arizona law. *See, e.g.*, *Vawter*, 566 F. App'x at 564 (rejecting argument that "the deed was unenforceable since it was 'split' from the underlying note"); *Buchna*, 478 F. App'x 425 (claim "that the note and deed of trust were split" properly dismissed); *Cervantes*, 656 F.3d at 1044 (when MERS is named the beneficiary for the lender, "the notes and deeds are not irreparably split"); *Kentera*, 2011 WL 4005411, at *5 ("Plaintiffs' argument that the deed of trust is void because it was 'separated' from the promissory note itself . . . fails to state a claim."); *Warren v. Sierra Pacific Mortg. Servs. Inc.*, 2011 WL 1526957, at *5 (D. Ariz. Apr. 22, 2011) ("non-judicial trustee's sales . . . do not require . . . that the note and deed of trust remain together"); *Schayes v. Orion Fin. Group, Inc.*, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011) (characterizing as "meritless" claim that "no one has a right to receive payments under the promissory note because it has allegedly

been destroyed and/or separated from the deed of trust"); *Hogan*, 277 P.3d at 793 (trust deed may be enforced "by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures").

**__Question 5__: Under that reasoning [of *Cervantes*], was MERS permitted to act as the agent for Countrywide, then Bank of America, and then Green Tree seamlessly? Further, must both the Note and the Deed of Trust appoint MERS as Nominee for MERS to act as Lender's agent?**

The answer is Yes. MERS may, as the beneficiary of the security instrument, act as the agent (or nominee) for whomever is the lender or the lender's successors and assigns. And for MERS, as the designated beneficiary, to act as nominee for the Lender or noteholder, it is not necessary for *both* the Note and Deed of Trust to appoint or designate MERS to act as Lender's nominee or agent. As the designated beneficiary in the Deed of Trust, MERS has explicit authority to act for "whomever happened to own the note" subsequent to the lender. *Sitton*, 311 P.3d at 243; *see also Cervantes*, 656 F.3d at 1039 (MERS serves as the record holder of the deed of trust "on behalf of the original lender and *any subsequent lender*.") (emphasis added).

The Note need not name MERS as nominee for the lender for MERS to serve as nominee under the Deed of Trust. *See Hogan*, 277 P.3d at 793 (holding "that a trust deed may be enforced 'by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures.'"). As the nominee (or agent) for the lender and its assigns, MERS acts "on behalf of" the "person who is entitled to enforce the obligation the mortgage secures," so MERS need not have any personal interest in the note or debt. *See id.* Under these authorities and fundamental legal principles involving agency law, MERS may "seamlessly" serve as and be the agent for the Lender and any of its successors and assigns without being named or mentioned in the Note.

**<u>Question 6</u>: Does the prospect of invalidating the transaction as a Deed of Trust if the powers given to the Nominee/MERS exceed the Deed of Trust Act favor limiting the Nominee's authority to recording on the public record the identity of the current Holder of the Note? If so, does it invalidate the purported record transfer if the Note has not been endorsed or otherwise substantively transferred to that person?**

This question implies that, as nominee, MERS may claim rights and powers that exceed those granted by the Act, or those allowed by a beneficiary or mortgagee in Arizona. It does not. MERS' powers (or rights) as the beneficiary, as nominee, are to hold legal title to the trust deed and exercise the powers afforded a beneficiary under Arizona law and those granted to MERS in the trust deed. The rights and powers of a beneficiary, such as MERS, are not somehow diminished or limited because MERS is acting as the beneficiary in the *capacity* of a nominee of the Lender. The rights and powers are the same regardless. MERS is not the "nominal" beneficiary; it is the beneficiary in a nominee capacity.

The second part of the question seemingly asks whether a deed of trust assignment is rendered invalid if the Note has not been endorsed, transferred, or delivered. As an initial point, the assignment of a deed of trust is not recorded or registered on or with the MERS® System, which is an electronic database that tracks the transfers of beneficial ownership interests in mortgage loans (promissory notes) and the servicing rights associated with those loans. No transaction occurs on the MERS® System, and the MERS® System database is not a substitute for the local land records. Thus, an assignment of a deed of trust is valid regardless of whether the note was transferred or endorsed, and regardless of whether the assignment is reported on the MERS® System. Further, the deed of trust and the promissory note are separate instruments, which serve distinct purposes. *Hogan*, 277 P.3d at 784. As such, the deed of trust may be assigned without transferring the note that the deed of trust secures and the note can be transferred without assigning the deed of trust securing the note. *See Hill v. Favour*, 84 P.2d 575, 578 (Ariz. 1938) ("The law seems to be well settled that the mortgage [or deed of trust] is a mere incident to the

debt and that *[the] transfer or assignment [of a mortgage or deed of trust] does not transfer or assign the debt or the note*.") (emphasis added).

**<u>Question 7</u>: Under Arizona law, does the transfer of a Deed of Trust also transfer the underlying Note unless the parties to the transfer agree otherwise?**

The answer is No; the Arizona Supreme Court explained in *Hill* that "[t]he law seems to be well-settled that the mortgage [or deed of trust] is a mere incident to the debt and that *[the] transfer or assignment [of a mortgage or deed of trust] does not transfer or assign the debt or the note*." *Hill,* 84 P.2d at 578 (emphasis added).

**<u>Question 8</u>: Has the Note ever been endorsed or otherwise transferred to Green Tree? How? When?**

The answer is Yes. Countrywide endorsed the Note in blank, and Green Tree has physical possession of the original endorsed Note as custodian for and as authorized by Fannie Mae. *See* Exhibit A. Defendants do not presently know the date the Note was endorsed in blank, or when it came into Green Tree's possession. But it is of no moment in this case whether or when Green Tree possessed the Note because Green Tree is not seeking to enforce the Note; Green Tree is seeking to enforce the Deed of Trust, which as a separate obligation from the Note, Green Tree has the legal right to do. *See Hogan*, 277 P.3d at 784.

**<u>Question 9</u>: Has Plaintiff sufficiently alleged that MERS lacked instruction/authority from the current Holder to record transfer of the Deed of Trust to Green Tree based on: a. the apparently false statement in the February 18, 2013 default letter that claimed Green Tree was the creditor, when the purported transfer did not happen until March 8, 2013?; b. the widespread irregularities in MERS transfers made by document preparation services?**

The answer is No. Plaintiff fails to make any allegations showing that MERS did not have authority from the holder of the note to record the assignment of the deed of trust. Moreover, MERS is the beneficiary of the deed of trust, and as such, it may assign that deed of trust and record the assignment without instructions or authority from the note holder. Many Arizona cases hold that MERS—in its own right as beneficiary—may assign

deeds of trust, assign its "beneficiary status," and record those assignments. *Steinberger*, 234 Ariz. at 133 n.11, 318 P.3d at 427 n.11 (rejecting borrower's argument "that MERS, as the original beneficiary, did not have the authority to assign its beneficial interest in the deed of trust because it never had possession of the note"). *Dufour v. Home Show Mortg., Inc.*, 2012 WL 6049683, at *4 (D. Ariz. Dec. 5, 2012) ("[Plaintiff's] assertion is that MERS lacked authority to make assignments. Such an assertion has been directly rejected by both the Arizona Supreme Court and the Ninth Circuit Court of Appeals."); *Neal v. Bank of Am., N.A.*, 2012 WL 3638762, at *3 (D. Ariz. Aug. 24, 2012) (rejecting assertion "that MERS lacked authority to assign the Deed of Trust"); *Robinson v. BAC Home Loans Serv'g, LP*, 2012 WL 1520125, at *3 (D. Ariz. May 1, 2012) ("This Court repeatedly has rejected arguments regarding the validity of MERS and its ability to act as beneficiary and nominee."); *Kakarala v. Wells Fargo Bank, N.A.*, 2012 WL 1458235, at *8 (D. Ariz. Apr. 27, 2012) ("MERS, as beneficiary and nominee for the lender and its successors and assigns, 'had authority to assign the deed of trust to Defendant, and Defendant had authority to proceed with a non-judicial foreclosure.'"); *In re Mortg. Elec. Regis. Sys., Inc.*, 2011 WL 4550189, at *7 (D. Ariz. Oct. 3, 2011) ("MERS may perform valid assignments."); *Kentera*, 2011 WL 4005411 at *5 ("Plaintiffs' argument that . . . MERS could not execute an assignment of the deed of trust, fails to state a claim.").

Further, the allegations referenced in the Court's question do not raise any inference of impropriety. Green Tree *was* a creditor in February 2013 because it had the right to collect payments from Erickson as the lender's servicing agent. Although Green Tree did not acquire the trust deed until March 2013, the trust deed is only security for the debt, so there is no inconsistency in Green Tree calling itself the creditor before receiving the security instrument from MERS. *See, e.g.*, *Hogan*, 277 P.3d at 784. Further, it is not clear what "widespread irregularities" the Court is concerned about. Every possible party who could be a lender, servicer, or beneficiary with respect to Erickson's loan has been sued in this action, and *none of the Defendants* dispute that MERS was authorized to, and did, assign its interest to Green Tree, nor that Green Tree is acting on behalf of Fannie Mae.

**<u>Question 10</u>: Why are Fannie Mae and Countrywide named as Defendants in this action?**

For the reasons set forth in the Motions to Dismiss, Countrywide and Fannie Mae are not properly named as Defendants. (ECF No. 53 at 9.)

**<u>Question 11</u>: What is the status of the Trustee's Sale?**

Green Tree directed the trustee to postpone the sale from the originally-scheduled date, relying on Erickson's representation that she desired to apply for a loan modification. The currently-scheduled sale date is June 3, 2015, but it will be postponed, if the loan modification process continues in good faith.

**<u>Question 12</u>: If the documentation of the transfer of the Note and Deed of Trust to Green Tree is supplied, does it moot this case?**

The documentation of the assignment of the Deed of Trust to Green Tree has been supplied to the Court. (Ex. C.) Whether the Note was transferred to Green Tree is not relevant because Green Tree is seeking to enforce the Deed of Trust, not the Note.[6] There is no dispute that Green Tree has authority to enforce the Deed of Trust as the beneficiary, which it became when the Deed of Trust was assigned to Green Tree. The case is thus not moot, but rather, it should be conclusively resolved in favor of Defendants on the merits.

**Relief Requested**

For the foregoing reasons, and those set forth in the Motions to Dismiss, Defendants respectfully request that Erickson's First Amended Complaint be dismissed with prejudice.

---

[6] Nonetheless, as explained in Defendants' answer to the Court's Question 8, Green Tree is in possession of the note, which is endorsed in blank.

DATED this 17th day of April, 2015.

MORGAN, LEWIS & BOCKIUS LLP

By s/ Robert M. Brochin
Robert M. Brochin
Clay M. Carlton
200 South Biscayne Boulevard, Suite 5300
Miami, Florida 33131-2339

Attorneys for Defendant Mortgage Electronic Registration Systems, Inc.

BRYAN CAVE LLP

By s/ Gregory B. Iannelli
Sean K. McElenney
Gregory B. Iannelli
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

Attorneys for Defendants Countrywide Home Loans, Inc. and Bank of America, N.A.

WOLFE & WYMAN LLP

By s/ Colt B. Dodrill
Colt B. Dodrill, Esq., AZ Bar No. 23907
11811 N. Tatum Blvd., Suite 3031
Phoenix, Arizona 85028-1621

Attorneys for Defendants Green Tree Servicing, LLC, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.

Filed electronically with the Court and served on counsel of record by the Court's CM/ECF system this 17th day of April, 2015.

s/ Gregory B. Iannelli

777213