1  Monique Branscomb Wilhite (# 013775)
   Homeowner Advocacy Project
2  Sandra Day O'Connor College of Law
   Arizona State University
3  Two N. Central, Suite 1600
   Phoenix, AZ  85004-2344
4  hap@aus.edu

5  Barbara J. Forde (#013220)
   BARBARA J. FORDE, P.C.
6  20247 N. 86th Street
   Scottsdale, AZ  85255
7  BarbaraJForde@gmail.com
   *Attorneys for Plaintiff*

8
                    **UNITED STATES DISTRICT COURT**
9
                       **DISTRICT OF ARIZONA**
10

11  JUDITH D. ERICKSON, an unmarried woman,
    and as Trustee of THE ERICKSON FAMILY          Case No. 3:14-cv-08089-NVW
12  TRUST,
                                                   **PLAINTIFFS' SUPPLEMENTAL**
13             Plaintiff,                          **MEMORANDUM IN SUPPORT OF**
                                                   **RESPONSES TO MOTIONS TO**
14        v.                                       **DISMISS**

15  GREEN TREE SERVICING, LLC, et al,              **(Hearing May 19, 2015 at 1:30 p.m.)**

16             Defendants.

17
18        Pursuant to this Court's Order dated March 26, 2015 (Doc. 77), Plaintiff submits

19  her supplemental memorandum on the twelve (12) questions posed by the Court therein.

20  Defendant Mortgage Electronic Registration Systems, Inc. cannot be a legal beneficiary

21  under Arizona law, and the Motions to Dismiss (Doc. Nos. 53, 60) must be denied.

22        **Question 1 Part 1:  Under Arizona law, can MERS be the Beneficiary if it is**
23  **not "the person for whose benefit a trust deed is given"?**   *Short Answer: No.*

24        Under Arizona statute, the *only entity* which can be a beneficiary under a deed of
25  trust, must be "the person named or otherwise designated in a trust deed as the person for
26  whose benefit a trust deed is given, or the person's successor in interest."  A.R.S. § 33-
27  801(1).  "Trust deed" is defined as "a deed … conveying trust property to a trustee … to
28  secure the performance of a contract or contracts…."  A.R.S. § 33-801(8).  "Contract" is
    defined as, among other things, a promissory note.  A.R.S. § 33-801(4).  Therefore, the

beneficiary must be the Lender and Note Holder.  Indeed, the Defendants admit in their Memo that "[t]he purpose of the Deed of Trust is to 'secure[] to Lender … the repayment of the Loan.'"  Defense Memo (Doc. 86) at 6:6-7.

The conclusion that beneficiary and Lender must be one and the same, is further bolstered by the fact that "*only the beneficiary may make a credit bid*" at a trustee's sale; therefore the beneficiary has to be the Lender.  *See* A.R.S. §§ 33-810(A), 33-801(5), 33-809(F).  *See also, M&I Bank, FSB v. Coughlin,* 805 F.Supp.2d 858, 868 (D.Ariz. 2011)(a beneficiary's credit bid is actual payment to the beneficiary to the extent of the bid).

The Defendants argue that because the definition of beneficiary does not include "Lender," that an entity can be the beneficiary but not the Lender or Note Holder.   *See* Defense Memo at 6 ll. 7-11.  But in fact, because Lender and Note Holder are *not* defined in the Deed of Trust statutes, and because "beneficiary" is used throughout the statutory scheme, "beneficiary" must be "Lender;"  therefore, the Defendants' argument fails.

As this Court states, "no one contends that MERS actually received an ownership interest in real property or is the transferee or holder of the Note."  *See* Doc. 77 at 2:7-8.  The Defendants do not dispute this assertion.   MERS <u>cannot</u> be the beneficiary.

The Court *begins* its question with the conclusion that MERS "is **not** 'the person for whose benefit a trust deed is given.'" The contracts also support the Court's conclusion.  The Note defines who may enforce it, and who is secured by the Deed of Trust.  *See* Doc. 49 ¶¶ 2, 3; Fixed/Adjustable Rate Note (the "Note"), Doc. 1-1 at 48-51.   The Lender Countrywide Home Loans, Inc. ("CWHL"), agreed through contract with Plaintiff, that in order for the Note to be enforced, the Lender's successor in interest must *not only* possess the Note, but must also be the one "who is entitled to receive payments under this Note." The Note states that only the Note Holder is secured by the Deed of Trust; and the Deed of Trust confirms this pronouncement.  *See* Doc. 1-1 at 54, 55, 60, 62; Doc. 49 ¶ 4.

The Note Holder/Lender is the only person for whose benefit the Deed of Trust is given.   The Lender must be the beneficiary.   The Lender is the only one who can be

secured by the Deed of Trust, and is the only one entitled to enforce the Note.   The Arizona Supreme Court agrees.  A deed of trust "may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation in which secures."  *Hogan v. Washington Mut. Bank, NA,* 230 Ariz. 585, 277 P.3d 781, 783 (*En Banc* 2012).

For the same reasons that MERS cannot be the beneficiary, Green Tree also, cannot be the beneficiary. The Defendants admit that Green Tree is only a servicer, and then admit that Green Tree claims in the Notice of Trustee's Sale, to be the beneficiary.  *See* Defense Memo at 2:5-6 and 10-11.   Erickson has alleged that no Defendant is entitled to enforce the Note.  *See, e.g.,* First Amended Complaint ("FAC") ¶¶ 31, 35-39, 62.

The Defense Memo cites a series of cases which purport to find that MERS may be a beneficiary.  *See* Defense Memo at 4-5.  But none of the cases cited analyze the deed of trust terms stating MERS is the beneficiary contrasted with the deed of trust terms which declare that MERS is "solely nominee," interpreted in light of the statutory provisions, which mandate the conclusion that MERS cannot be a beneficiary.

MERS argues the definition of beneficiary does not apply by citing "the context otherwise requires" statutory language.  *Id.* 17-28.  MERS attempted this argument in Washington (which has essentially the same definition of beneficiary), but was denied. This common introductory statutory language does not mean "that the *parties* can alter statutory provisions by contract."  *Bain v. Metropolitan Mortg. Group, Inc.,* 175 Wash.2d 83, 100, 285 P.3d 34, 42 ¶ 21 (*En Banc* 2012).[1]

The Defendants claim that the statutory definition of beneficiary is "broader" and more "flexible" than the words in the statute, allowing the parties to *designate* the beneficiary.   *See* Defense Memo at 6:12-17.  This argument goes against all canons of statutory construction and Arizona law, which abhors a forfeiture and requires that the statutes be strictly construed in favor of homeowners.  *Patton v. First Fed. Sav. & Loan*

---

[1]  Regarding Defendants' position that Erickson's signing of the Deed of Trust was a "context" which was "otherwise required," see answer to Question 2 Part 1, at 7-8, below.

*Ass'n*, 118 Ariz. 473, 477, 578 P.2d 152, 156 (*In Banc* 1978).  This argument was also debunked by the Oregon Supreme Court:[2] the beneficiary is designated in the trust deed by stating that it secures "to Lender" the repayment of the Note.  *Brandrup v. ReconTrust Co., N.A.,* 353 Or. 668, 674, 303 P.3d 301, 304 (*En Banc* 2013).

Citing Minnesota law, the Defendants provide a convoluted exposition on legal and equitable title to justify MERS' acting as beneficiary because it holds "legal title" in the Deed of Trust.  *See* Defense Memo at 3, 8-9.  The argument is easily defeated.  Minnesota does not recognize the deed of trust as a security instrument.  Therefore, the Minnesota case on which Defendants rely[3] pertains to a two-party mortgage.  *James v. ReconTrust Co.,* 845 F.Supp.2d 1145, 1167 (D.Or. 2012).   However, deeds of trust introduce a third party, the trustee, who holds legal title to the deed of trust.  *Steinberger v. McVey ex rel. Cnty of Maricopa,* 234 Ariz. 125, 140, 318 P.3d 419, 434 ¶ 65 (Ct. App. 2014).[4]  MERS' argument fails[5] because MERS has no legal ability as nominee to assign a deed of trust:

> [T]he trustee under a deed of trust holds legal title to the lien, and the beneficiary holds equitable title to that lien.   It follows that, because MERS is neither the trustee nor the beneficiary, it holds no interest at all in the lien conveyed by the trust deed.

*Brandrup,* 353 Or. at 704, 303 P.3d at 320.

As the law set out in this section demonstrates, MERS cannot be the legal beneficiary under this or any other Deed of Trust.   Defendants' argument that "Arizona law--without exception—holds that MERS is and may be designated as a beneficiary"[6] is simply false.  Dismissal of the FAC would be error.

---

[2]  Oregon has a nearly identical definition of beneficiary.  ORS 86.713(1)(b)(D).
[3]  *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487 (Minn. 2009).
[4]  To the extent *Cervantes* provides otherwise, 656 F.3d at 1039, *Steinberger* controls.
[5]  There are other reasons why Minnesota law should be disregarded; for instance, its legislature passed a "MERS statute" specifically authorizing MERS to record assignments to authorize foreclosure "as nominee or agent for a third party." M.S.A. § 507.413.
[6]  *See* Defense Memo at 5:26-27.

4

**Q. 1 Part 2:  If MERS is not the Beneficiary, then does the Deed of Trust provide the remedies and obligations of a mortgage (*see* A.R.S. § 33-702) but not the option of a non-judicial foreclosure?**   *Short answer: No.*

The Deed of Trust terms calling MERS the beneficiary are void terms under Arizona statute as well as the terms of the Note and Deed of Trust.  The Deed of Trust contains a severability clause stating that any provision which conflicts with applicable law "shall not affect other provisions of this Security Instrument."  *See* Doc. 1-1 at 60-61 ¶ 16.

**Q. 2 Part 1:  Does this transaction remain within the confines of the Arizona Deed of Trust Act if the undefined term "nominee" is construed as "agent" and the purported status of MERS as Beneficiary disregarded?** *No short answer.*

Under well-established rules of contract construction, the term "solely as nominee" used to describe MERS in the Deed of Trust cannot simply be substituted with the word "agent."  The Deed of Trust uses the word "agent" only in certain specific instances, and **never** related to MERS.  For instance, in describing the preservation of the Property and inspections allowed, the Deed of Trust states that the "Lender or its agent may make reasonable entries upon and inspections of the Property."  *See* Doc. 1-1 at 58 ¶ 7.   The terms of a contract must be applied as written without expanding it beyond its plain meaning, or adding something which the parties have not put there.  *IB Property Holdings v. Rancho Del Mar Apts.,* 228 Ariz. 61, 66, 263 P.3d 69, 74 (Ct. App. 2011); *see also Hyde Park-Lake Park v. Tucson Realty & Trust,* 18 Ariz.App. 140, 143, 500 P.2d 1128, 1131 (1972)(meaning should be given to every word and phrase of a contract).

MERS's role in the transaction is "*solely* as a nominee for Lender" under the Deed of Trust as described in two different places in the document.  *See* Doc. 1-1 at 54 (emphasis supplied).  Nowhere in the entire Deed of Trust is MERS described as "agent" of anyone. CWHL also told Erickson that CWHL had elected to name MERS "as the mortgagee in a nominee capacity."  *Id.* at 70.

The Defendants argue that MERS is the agent of the beneficiary under the "law or custom" provision of the Deed of Trust.  *See* Defense Memo at 7-8.   The document

actually states that MERS has the right "to exercise any or all of those interests," which interests are those "granted by Borrower in this Security Instrument."   *See* Doc 1-1 at 55. The Borrower does not grant "the right to repayment" in the Deed of Trust.   *Brandrup,* 353 Or. at 692-93, 303 P.3d at 314.   Rather, the right to repayment is only *secured* by the trust deed.  *Id.*   Further, the right to exercise the interests is not the same as conveying those interests to MERS.  *Id.* at 693, 303 P.3d at 314 n. 9.  Therefore, the "law or custom" clause does not give MERS an interest that would qualify it as the trust deed's beneficiary.  *Id.*

As for the argument that MERS may be the agent of the Lender:

MERS offers no authority for the implicit proposition that the lender's nomination of MERS as a nominee rises to an agency relationship with successor noteholders.

*Bain,* 175 Wash.2d at 107, 285 P.3d at 45 ¶ 31.

Under the doctrine of "expressio unius est exclusion alterius," the failure of the Deed of Trust to state that MERS is the "agent" of Lender, means that CWHL specifically elected <u>not</u> to designate MERS as its agent.  *See Cent. Hous. Inv. Corp. v. Fed. Nat. Mortg. Ass'n,* 74 Ariz. 308, 310-11, 248 P.2d 866, 867 (1952).  CWHL's use of the word "solely," twice to even further qualify MERS' status as nominee, should be interpreted as written.

Federal law is clear, that a nominee has a limited status with respect to any contract:

The word "nominee" … connotes … a representative or nominal capacity only, and does not connote the transfer or assignment to the nominee of any property in or ownership of the rights of the person nominating him.

*Ott v. Home Savings & Loan Ass'n*, 265 F.2d 643, 647 (9th Cir. 1958)(citation omitted). Accordingly, as nominee of CWHL, MERS cannot transfer or assign any interest because MERS holds no interest of CWHL.  And as has already been established in Question 1 Part 1 above, MERS cannot legally be the beneficiary.  MERS may only assign any interest that it held; not more, not less.  "An assignee steps into the shoes of her assignor.  She 'can stand in no better position than the assignor' and '[a]n assignment cannot alter the defenses or equities of the third party.'"  *Vig v. Nix Project II Partnership*, 221 Ariz. 393, 399, 212

6

P.3d 85, 91 (Ct. App. 2009)(citations omitted).  MERS itself[7] realized this when it signed the Corporate Assignment of Deed of Trust (the "Assignment").  Nationwide Title Clearing, pretending to be MERS, signed the Assignment "as ***nominee*** for Countrywide Home Loans, Inc."  *See* Doc. 1-1 at 106.  Therefore, the Defense Memo's representation that MERS "holds legal title to the lien conveyed by the deed of trust,"[8] is falsehood.  Even MERS knew it was not beneficiary when the Assignment was executed.

Therefore, MERS could not assign the Note to anyone, nor could it assign a beneficial interest in the Deed of Trust; it never possessed the Note and had no right to assign the Deed of Trust in any capacity.  The Assignment is void and of no force or effect with respect to beneficiary status.  *See* Doc. 1-1 at 106.  All the Assignment transferred, if anything, was MERS' nominee status under the Deed of Trust.  Therefore, even if the Assignment is valid, it <u>did not</u> give Green Tree any beneficiary rights under the trust deed.

The Defendants' attempt to save MERS' designation as "beneficiary" in the Deed of Trust by saying the parties agreed to it[9] does not save them.  First, "[t]he resolution of th[e] question [of who may be a beneficiary under the statutes] does not hinge on the parties' intent; rather, it depends on legislative intent."  *Brandrup*, 353 Or. at 687, 303 P.3d at 311.   The meaning of beneficiary is determined by statute, and that meaning "is incorporated into, and cannot be altered by, the party's agreement."  *Id.; see also Town of Gila Bend v. Walled Lake Door Co.,* 107 Ariz. 545, 552, 490 P.2d 551, 558 (1971)(waiver and estoppel cannot be used to circumvent legislative intent). Second, if a contract term violates statute, that term is illegal, and cannot be enforced.  *Yank v. Yuhrend,* 151 Ariz. 587, 590, 729 P.2d 941, 944 (Ct. App. 1986).

It makes perfect sense that the person with the right to repayment of the underlying obligation also controls the foreclosure process.  Under the statutes, the beneficiary decides

---

[7]  In reality, the Assignment was prepared and signed by Nationwide Title Clearing in Palm Harbor, Florida, pretending to be MERS.  *See* Doc. 1-1 at 106.

[8]  *See* Defense Memo at 3:1-2, n. 2.

[9]  *See* Defense Memo at 3:4-8; at 7-8.

7

whether to foreclose judicially or non-judicially; and **only** the beneficiary may credit bid at sale.  Finally, the notice of sale must contain the name and address of the beneficiary, *not in care of the trustee*.  A.R.S. §§ 33-807(A), -810(A), -808(C)(5).  Allowing MERS to be beneficiary corrupts the statutory scheme and is not true to statutory intent.

**Q.2 Part 2:   Is the original Lender the Beneficiary until the Deed of Trust and endorsed Note are transferred to a successor Lender/Beneficiary?**

Yes, and both must be transferred together.  But if the two are separated, as here, the Deed of Trust is a nullity.

**Q.2 Parts 3-5:    Does MERS have power to transfer ownership of the Note? Must it have instruction from the actual Holder to do so?  Or does MERS merely keep track of unrecorded transfers made between lenders until it is instructed to place on the public record the end result of the transfers?  *No short answer.***

MERS admits in the Defense Memo that it "does not transfer or negotiate promissory notes or debt because it does not hold notes …."  *See* Defense Memo at 1:8-11.  MERS therefore does not have the power to transfer ownership of a note.  *Id.* at 10-11.  The Defense Memo therefore answers the Court's questions in this regard.

However, the Court should bear in mind in this case that in spite of this admission on the part of MERS, its Assignment claimed to assign *not only* the Deed of Trust, but "all interest secured thereby," as well.  *See* Doc 1-1 at 106.  This representation in the Assignment is therefore false by MERS' own admission.

**Question 3: Under Arizona law, the Beneficiary may appoint a successor trustee, and the trustee of a trust deed may commence a trustee's sale if certain conditions are met.  If MERS is not the Beneficiary, as Lender's agent does it have authority to appoint a successor trustee?**        *Short answer: No.*

Erickson has already provided the basis for the fact that MERS is not the "agent" of the Lender in response to Question 2 Part 1 above.  MERS is "solely nominee," with no interest in the transaction, Note, or Deed of Trust.  MERS is also not legally the Beneficiary.  Therefore, MERS cannot substitute the trustee under the Deed of Trust.

**Question 4:  If Beneficiary status can be held and transferred independent of Holder status, does that separate the Note from the Deed of Trust? Does that void the Deed of Trust, leave it enforceable as a mortgage, or void the Note?**
*Short answers: Yes, Yes, No, No.*

Beneficiary status cannot be held and transferred independently from the Note.  If it is then the Deed of Trust is separated from the Note making the Deed of Trust null and void.  *See* answer to Question 7.  A security instrument such as a deed of trust does not exist without a debt; once separated from the Note, it ceases to exist as an enforceable contract.  The Defendants argue the opposite, and cite pre-*Steinberger* federal case law which no longer applies, or in which plaintiffs failed to make the proper argument.  *See* Defense Memo at 12-13.   The Defendants admit, and in fact argue, that they intend that the Deed of Trust <u>*not follow*</u> the Note.  *See* Defense Memo at 3:9-18.  This affirmative choice to separate the two renders the Deed of Trust a nullity.  Because the Deed of Trust is rendered null and void it <u>cannot</u> be enforced as a mortgage either.

Even when the Deed of Trust is no longer enforceable, that does not void the Note. In that case the Note is an unsecured debt, if payable at all.

**Question 5.  Under [*Cervantes*] reasoning, was MERS permitted to act as the agent for Countrywide, then Bank of America, and then Green Tree seamlessly? Further, must both the Note and the Deed of Trust appoint MERS as Nominee for MERS to act as Lender's agent?**          *Short Answers: No, No short answer.*

The facts and legal issues before the court in *Cervantes* limit its holding, which does not apply here.  The issue before the Ninth Circuit in *Cervantes* was a borrower's appeal of a dismissal of their claim for conspiracy to commit fraud through the MERS system.  *Cervantes,* 656 F.3d at 1041.  The claim was dismissed for the plaintiffs' failure to specifically allege fraud.  *Id.* at 1041-42.  The plaintiffs simply alleged that they were defrauded because MERS is a "sham" beneficiary.  *Id.* at 1042.

The *Cervantes* Court did not have before it the arguments made by Erickson.  In particular, Erickson's position is that MERS cannot legally be a beneficiary under the trust deed, because of A.R.S. § 33-801(1).  The *Cervantes* plaintiffs made no such argument.

The Ninth Circuit specifically made room for allegations like Erickson's here:

> The legality of MERS' role as a beneficiary may be at issue where MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state recording and foreclosure statutes based on the designation. *See, e.g., Mortgage Elec. Registration Sys. v. Saunders*, 2 A.3d 289, 294-97 (Me.2019)(concluding that MERS cannot foreclose because it does not have an independent interest in the loan because it functions solely as a nominee); *Landmark Nat'l Bank*, 216 P.3d at 165-69 (same)….

*Id.* at 1044.  That is precisely what Erickson has alleged here.  *See* FAC ¶¶ 5, 39; Doc. Nos. 64, 72.  "Nowhere in *Cervantes* does the Ninth Circuit suggest that the parties could contract around the statutory terms."  *Bain,* 175 Wash.2d at 105, 285 P.3d at 45 ¶ 28.

*Zadrozny* does not apply; that court only concluded that MERS' assignment of the deed of trust there was not improper because MERS did not initiate foreclosure. *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163 (9th Cir. 2013).  Zadrozny did not allege that MERS could not be a beneficiary under A.R.S. § 33-801(1), or that because MERS was "solely nominee," that MERS had no the authority to assign the Deed of Trust.

Further, as explained in response to Question No. 1, MERS cannot be and is not the agent for Countrywide, then Bank of America, and then Green Tree.  The original Lender here, CWHL, chose to use a deed of trust form which limited MERS' role to "solely nominee."  The Lender and its legal successors and assigns must live with that choice.

And finally, because MERS is "solely nominee," it cannot act as Lender's agent if the terms of the Note and Deed of Trust are faithfully and properly applied to this dispute.  Further, because MERS is nowhere mentioned in the Note, and by the Defense Memo's own admission has nothing to do with the Note and no power to transfer it, MERS clearly cannot be agent for Lender with respect to the Note.

**Question 6: Does the prospect of invalidating the transaction as a Deed of Trust if the powers given to the Nominee/MERS exceed the Deed of Trust Act favor limiting the Nominee's authority to recording on the public record the identity of the current Holder of the Note? If so, does it invalidate the purported record transfer if the Note has not been endorsed or otherwise substantively transferred to the person?**

The Defense Memo claims that MERS does not record anything reflecting the identity of the current Holder of the Note. *See* Defense Memo at 12:4-7. Not so. In fact, the Assignment at issue here claims to transfer not only the Deed of Trust, but also "all interest secured thereby …." *See* Doc. 1-1 at 106. Erickson has already demonstrated in response to Questions 1 and 2 above as to why MERS has no authority to transfer a Note.

As explained in answer to Question 2 above, MERS "solely as nominee" has no power or authority to do anything or transfer anything. Therefore, MERS should not be recording anything on the public record because of its nominee status, and it is not the legal beneficiary so MERS should not record anything as beneficiary, either.

If the Note has not been endorsed or otherwise substantively transferred to the entity to whom MERS purports to assign the Deed of Trust, the Assignment is invalid. *In re Leisure Time Sports, Inc.,* 194 B.R. 859, 861 (9th Cir. BAP 1996)("A security interest cannot exist, much less be transferred, independent from the obligation which it secures."). And as already explained in response to Questions 1 and 2 above, any Assignment of the Deed of Trust by MERS is ineffective and void, anyway.

**Question 7: Under Arizona law, does the transfer of a Deed of Trust also transfer the underlying Note unless the parties to the transfer agree otherwise?** *See* **Restatement (Third) of Property: Morgages § 5.4(b), cmt. c.**      *Short answer: No.*

In Arizona, the Restatements of the Law apply unless state law provides otherwise. *Jesik v. Maricopa Cnty Comm. Coll. Dist.,* 125 Ariz. 543, 546, 611 P.2d 547, 550 (1980). Under Arizona law, the Deed of Trust follows the Note, unless the contract provides otherwise**.** *Hill v. Favour,* 52 Ariz. 562, 568, 84 P.2d 575, 578 (1938). However, the converse is **not** true; that is, the Note does not follow the Deed of Trust.

A Deed of Trust without a debt, secures nothing.  A mortgage is a mere incident of the debt, cannot be assigned separately, and distinct from the debt it secures, is not a thing of value; it is nugatory.   *Hill,* 52 Ariz. at 568, 84 P.2d at 578.  As the Defendants admit, the transfer of a deed of trust <u>does not</u> transfer or assign the debt or the note.  *See* Defense Memo at 14-15 (citing *Hill*).  The Arizona Supreme Court affirmed its *Hill* holding over 70 years later.  "[A] deed of trust, like a mortgage, 'may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation the mortgage secures.'"  *Hogan v. Washington Mut. Bank, N.A.,* 230 Ariz. 584, 586, 277 P.3d 781, 783 (2012)(quoting Restatement (Third) of Property (Mortgages) § 5.4 (c)).

The Ninth Circuit is in accord.  "[T]he holder of the deed alone does not have a right to repayment and, thus, does not have an interest in foreclosing on the property to satisfy repayment."  *Cervantes,* 656 F.3d at 1039.   A split in the note and deed of trust renders the mortgage unenforceable if MERS as nominal holder of the deed, is not agent of the Lender, or if the plaintiff alleges a violation of recording or foreclosure statutes based on that designation.  *Id.* at 1044.   The Defendants admit this purposeful splitting.  *See* Defense Memo at 8.  MERS is not the agent of the Lender.  *See* answer to Question 1.  But even if it were, that relationship does not carry over to successive lenders.  *See* below.

The Defendants claim that MERS is the "nominee of the new noteholder" when a note is transferred between "MERS® System members."  *See* Defense Memo at 3:9-11. But this argument has been debunked:

> It is unclear whether such a broad common agency relationship exists in these cases among MERS and the original lenders and their successors in interest.  The trust deeds, by themselves, do not establish the necessary relationship; they instead confuse the issue…. More importantly, although the trust deeds are signed by the borrowers, the original lenders and their successors, … are not signatories.

*Brandrup*, 353 Or. at 708-09, 303 P.3d at 323.   The Defendants fail to support their assertion that MERS carries on as nominee; Plaintiff has distinguished the *Jackson* case.

True, the Deed of Trust states that MERS is "acting solely as a nominee for Lender and Lender's successors and assigns." *See* Doc 1-1 at 54.   If any interest of MERS continues after sale of the Note, that interest is "solely nominee" for the "new noteholder." But this status is meaningless, and confers no rights and no interest in the Deed of Trust. Thus, even if MERS' nominee status continues if the original Lender transfers the Note, this has no bearing on the fact that MERS is not and cannot be the beneficiary.   This Note and Deed of Trust have been split since loan inception, and any purported transfer of the Deed of Trust thereafter, did not cause the Note to "follow."

   **Question 8:  Has the Note ever been endorsed or otherwise transferred to Green Tree?  How?  When?**     *Short Answer: Unknown.*

   The Defendants are the ones who should have knowledge of the answers to these questions.   And yet, they do not.  Defendants admit they do not know the date the Note was endorsed in blank, or even when it came into Green Tree's possession.  *See* Defense Memo at 15:13-15.    Further, Green Tree does not tell the Court *from where* the Note came, which is another critical fact.

   Defendants assert that the answers to the Court's well-advised Question No. 8, are irrelevant.  *Id.* at 14-18.  They go so far as to claim that in seeking non-judicial foreclosure, "Green Tree is not seeking to enforce the Note…" *Id.*

   In so arguing, the Defendants ignore on-point Arizona law:

> The Arizona statutes governing foreclosures, mortgages and deeds of trust are in accord with the interpretation that <u>the contractual debt is foremost with any foreclosure or sale being secondary and merely a means of recovery on the original debt</u>.
>                                    * * *
> <u>The promissory note is the primary source of the debt.  And, as the debt on the promissory note is primary, the foreclosure or trustee's sale is ancillary to the collection of the debt, not the other way around</u>.

*National Bank of Arizona v. Schwartz*, 230 Ariz. 310, 313, 283 P.3d 41, 44 ¶ 9 (Ct. App. 2012)(emphasis added).

Green Tree's argument that it is irrelevant how, when and whether it came into legal possession of the Note with entitlement to enforce it, fails.   In fact, the Defense Memo makes it clear, that no Defendant has standing to enforce the Deed of Trust or the Note.   Defendants admit that Green Tree is merely the servicer of the Erickson loan.  *See* Defense Memo at 2:5-7.  Green Tree claims that it "has physical possession of the original endorsed Note as custodian for and as authorized by Fannie Mae."  *See* Defense Memo at 15:11-13.[10]   And because MERS was "solely nominee," not the legal beneficiary, the Assignment to Green Tree is void or in the alternative only assigned MERS' nominee status.  In any event, Green Tree cannot be the beneficiary because it is merely a servicer which is not "the person for whose benefit a trust deed is given."  *See* Erickson's answer to Question 1.  Therefore, Green Tree cannot enforce the Deed of Trust.

The Defendants assert that Fannie Mae is "the current successor and assign of the Lender."  *See* Defense Memo at 2:5-7.  The only support the Defendants give for this unfounded assertion is citation to the MERS ServicerID attached to the Complaint.  *See* Doc. 1-1 at 72.  The document from the MERS Website does not support the Defendants' claim that Fannie Mae is "current successor and assign of the Lender."  Instead, that document states that Fannie Mae is the "Investor," which comports with Erickson's allegations that Fannie Mae purchased the loan, then sold it into a presently-undisclosed mortgage-backed security ("MBS").  *See* FAC Doc. 49 at ¶ 14.  Fannie Mae is not the successor or assign of the Lender; Fannie Mae is merely the guarantor on the loan.  *Id.; see also* Basics of Fannie Mae Single-Family MBS excerpt Doc. 1-1 at 91-93; Fannie Mae letter Doc. 1-1 at 95-104 ("Under no circumstance does either Fannie Mae in its corporate capacity or the lender retain control of the loans within the trust.").

The FAC adequately alleges that the Lender is unknown.  The Erickson Loan was sold to Fannie Mae, but Fannie Mae does not retain ownership of any loans.  Rather, the

---

[10]  The Defendants do not submit an affidavit from Fannie Mae affirming these assertions, and Erickson does not admit they are true.

1   MBS "are passive structures with Fannie Mae as trustee, holding the loans for the benefit
2   of certificate holders."   The Erickson loan was bundled into an MBS and certificates were
3   issued to those who purchased an interest in the MBS.   *See* FAC Doc. 49 at ¶¶ 5, 7, 13, 14,
4   16, 37, and Doc. 1-1 at 91-93; 95-104.   The information available to Plaintiff indicates that
5   the Lender of the Erickson loan is the Certificate Holders of the Fannie Mae MBS.

7   **Question 9:   Are the following circumstances sufficient to allege MERS lacked
    instruction/authority from the current Holder to record transfer of the Deed of Trust
8   to Green Tree:  a.  The apparently false statement in the February 18, 2013 default
    letter that claimed Green Tree was the creditor, when the purported transfer did not
9   happen until March 8, 2013?**

10  The February 18, 2013, default letter supports the fact that the MERS' Assignment
11  to Green Tree is invalid for lack of authority.   That letter falsely represents to Erickson that
12  Green Tree is the creditor, as does a similar letter from Green Tree dated May 13, 2013.
13  *See* Doc.1-1 at 86, 87.   In spite of Defendants protestations to the contrary, "creditor" is
14  defined as "a person to whom a debt is owing…."  Black's Law Dictionary, 6th ed. at 368.
15  Green Tree *is not* the creditor.   Even if the Assignment to Green Tree were valid, which it
16  is not, that Assignment was not signed until March 8, 2013, and not recorded until
17  March 11, 2013.  *See* Doc. 1-1 at 106.

18  These letters therefore show that, at best, MERS was taking instruction from the
19  servicer Green Tree, not the Lender, for which it served "solely as nominee."  Erickson has
20  already explained in answer to Question 1, why Green Tree is not and cannot be the
21  Lender, even after the Assignment was signed and recorded.

22      **b.      The widespread irregularities in MERS transfers made by
23  document preparation services?**

25  Because of the rampant abuse of the MERS nominee status and purported
26  beneficiary status by document preparation services in concert with loan servicers,
27  allegations calling into question the authority of MERS to assign a deed of trust, are
28  always plausibly stated, at least in Arizona.  An example of those widespread irregularities

is the Assignment here. The Assignment states on its face that it was prepared by "NTC" (Nationwide Title Clearing) in Palm Harbor, Florida, a well-known foreclosure mill document preparation service. The FAC alleges that the signer, Ashley Braband, is not with CWHL or MERS, but rather is an employee of Nationwide Title Clearing. *See* FAC at ¶ 17. The Assignment is filled with falsehoods and inconsistencies, as is more fully described in the answers above. The Assignment purports to transfer the Note, even though it specifies that MERS is signing the Assignment as nominee only, which means MERS has no authority to transfer anything. *See* answer to Questions 1 and 2 above.

**10.    Why are Fannie Mae and Countrywide named as Defendants?**

Erickson's answers to the Questions above, answer this Question. Fannie Mae is claiming to be the Investor, and the Defendants, in the Defense Memo, claim that Fannie Mae is "the current successor and assign of the Lender." *See* Defense Memo at 2:5-7. Fannie Mae purchased the Erickson Loan, and then sold it into an MBS. Therefore, Fannie Mae is the one with knowledge about the MBS into which the Erickson Loan was sold, and the Certificate Holders of that MBS, who may well be the Lender as defined in the Note and the Deed of Trust. *See* answer to Question 8.

Previous answers by Erickson also explain why CWHL is a Defendant in this lawsuit. CWHL is the only known Lender. When the attorney for CWHL, Gregory Iannelli, asked that CWHL be dismissed for an alleged lack of present involvement with the Loan, Mr. Iannelli was invited to provide proof of a legal and proper sale of the Erickson Loan to another entity so that Erickson could determine whether CWHL should be dismissed from this action. CWHL refused to provide such documentation. Erickson has plausibly alleged in her FAC that the Assignment, Substitution of Trustee, and Notice of Trustee's Sale documents are all void. If all of those documents are declared invalid and released of record, the transactions are unwound back to CWHL. Because CWHL has

refused to provide documents providing a legal and valid sale of the Erickson Loan, CWHL has remained a Defendant in this action, and legitimately so.[11]

**11.    What is the status of the Trustee's Sale?**

The Trustee's Sale is presently set for June 3, 2015.  However, the Defendants have entered into an agreement with Plaintiff Erickson that they will provide Erickson's Counsel with at least 45 days' notice of any intent to proceed to sale pursuant to the presently pending Notice of Trustee's Sale.  The Defendants have not given a 45-day notice.

**12.    If the documentation of the transfer of the Note and Deed of Trust to Green Tree is supplied, does it moot this case?**

If documentation showing a "transfer" of the Note and Deed of Trust to Green Tree is supplied, the case is not moot.  The Defendants have alleged in the Defense Memo that Fannie Mae is the current successor and assign to the Lender.  Fannie Mae in fact is not the Lender, but this assertion by the Defendants admits that Green Tree cannot be the Lender and cannot be the true Beneficiary.  Therefore Green Tree has no authority to declare default, accelerate the balance, notify the trustee in writing to foreclose, or take any other action related to this matter.  If Fannie Mae purchased the Erickson Loan, Fannie Mae without doubt bundled the Loan into an MBS, and the Lender is, therefore, the Certificate Holders in that presently-undisclosed MBS.  A request for documentation proving a legal and valid sale was refused.  So whether the documents were "transferred" to Green Tree is irrelevant to determining who has legal standing to enforce the Note and Deed of Trust.

Plaintiff respectfully submits that the Motions to Dismiss should be denied; Plaintiff has stated plausible claims and is entitled to proceed on the merits.

---

[11] *See* e-mail messages between Attorney Forde and Attorney Iannelli dated October, 2014, Doc. 72-1.

RESPECTFULLY SUBMITTED this 1st day of May, 2015.


BARBARA J. FORDE, P.C.          HOMEOWNER ADVOCACY PROJECT

By:    s/ Barbara J. Forde          By:    s/Monique Branscomb Wilhite
       Barbara J. Forde, Esq.               Monique Branscomb Wilhite
       20247 N. 86th Street                 Sandra Day O'Connor College of Law
       Scottsdale, AZ  85255                ASU, Two N. Central, Ste 1600
       *Attorney for Plaintiff*             Phoenix, AZ  85004
                                            *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2015, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Colt B. Dodrill
Wolfe & Wyman LLP
11811 N. Tatum Blvd., Suite 3031
Phoenix, AZ 85028
*Attorneys for Defendants Green Tree, Fannie Mae and MERS*

Eric M. Moores
Sean K. McElenney
Gregory B. Iannelli
Bryan Cave LLP
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
*Attorneys for Defendant Countrywide Home Loans, Inc.*

Robert M. Brochin
Clay M. Carlton
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Blvd, Ste 5300
Miami, FLA 33131-2339
*Attorneys for MERS*

/s/Karen Furgeson