1
2

**WO**

3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9   Judith D. Erickson, an unmarried woman,
and as Trustee of The Erickson Family
10  Trust,

No. CV-14-08089-PCT-NVW

11                      Plaintiff,

**ORDER**

**[Not for Publication]**

12  v.

13  Ditech Financial, LLC, a Delaware limited
liability company, f/k/a Green Tree
14  Servicing, LLC, a Delaware Limited
Liability Company; Federal National
15  Mortgage Association, a District of
Columbia corporation; John and Jane Does
16  1-1000; XYZ Corporations 1-1000; ABC
Limited Liability Companies 1-1000; and
17  123 Banking Associations 1-1000,

18                      Defendants.

19

20  Ditech Financial, LLC, a Delaware limited
liability company,

21
                        Counterclaimant,
22

23  v.

24  Judith D. Erickson, an individual; Judith D.
Erickson, as trustee of the Erickson Family
25  Trust,

26
                        Counterdefendants.
27

28

Ditech Financial, LLC, a Delaware limited liability company,

Third-Party Plaintiff,

v.

Holua, LLC, an Arizona limited liability company; John Darreld Erickson, an individual; Mortgage Electronic Registration Systems, Inc., a foreign corporation; The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2006-I; and ROES I through X, Inclusive,

Third-Party Defendants.

Before the Court is a Motion to Dismiss Counterclaim (Doc. 158) by Plaintiff and Counterdefendant Judith D. Erickson individually and as Trustee of The Erickson Family Trust.

## I.    RULE 12(b)(6) LEGAL STANDARD

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations.  *Ashcroft v. Iqbal*, 566 U.S. 662, 678

(2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## II.     FACTUAL ALLEGATIONS ASSUMED TO BE TRUE

The following facts are assumed to be true for the purpose of deciding the motion to dismiss Ditech Financial, LLC's Counterclaim.  The Court makes no determination of whether they are in fact true.

On June 24, 2006, Judith Erickson signed and delivered to Countrywide Home Loans, Inc., an Adjustable Rate Note in the original principal amount of $338,000.00 to memorialize a loan to Erickson to purchase the Property at 2655 Skyview Way, Sedona, Arizona.  The Note includes a promise from Erickson to pay the principal amount plus interest and her acknowledgement that Countrywide may transfer the Note.  The Note states, "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"[1]  The Note is in Ditech's possession and is endorsed in blank by Countrywide.

As security for the amounts due and owing on the Note, Erickson executed and delivered a Deed of Trust to Countrywide, which was recorded on July 6, 2006, in the Official Records of the Yavapai County Recorder.  The Deed of Trust granted a security interest in the Property.  Federal National Mortgage Association ("Fannie Mae") owns Erickson's loan, and Ditech services the loan on behalf of Fannie Mae.

Erickson conveyed the Property to The Erickson Family Trust.  In January 2013, Erickson failed to make payment pursuant to the terms of the Note and Deed of Trust.  On February 15, 2013, Ditech commenced representation of Fannie Mae's interests in foreclosure and began to initiate non-judicial foreclosure.  On February 15, 2013, pursuant to its Single Family Servicing Guide, Fannie Mae automatically transferred

---

[1] Plaintiff incorrectly states that the Note Holder must be entitled to "keep payments" under the Note.

constructive possession of the Note to Ditech, and Ditech has continuously possessed the Note ever since.  On April 30, 2015, Ditech received physical possession of the Note.

Ditech's Counterclaim alleges that the Note and Deed of Trust are in default because of nonpayment and also because Erickson conveyed the Property to The Erickson Family Trust.  It alleges damages incurred because of Erickson's default. Ditech elects to judicially foreclose the Deed of Trust pursuant to A.R.S. § 33-807(B).

## III.   ANALYSIS

Under the Arizona Deed of Trust Act, a trustee or beneficiary may file and maintain an action for judicial foreclosure at any time before the trust property has been sold under the power of sale.  A.R.S. § 33-807(B); *see* A.R.S. § 33-721 (foreclosure of mortgage by court action).

Ditech alleges that it is both the Note Holder and the Deed of Trust Beneficiary. "'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." A.R.S. § 47-3201(A).  "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."  A.R.S. § 47-3201(B).  "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."  A.R.S. § 47-3205(B).  "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."  A.R.S. § 47-3203(B).

As alleged, the Note was endorsed in blank by Countrywide, and both constructive and physical possession of the Note was transferred to Ditech.  Thus, Ditech became the Note Holder.  As the Note Holder, Ditech is a "person entitled to enforce" the Note:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights

of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309 or § 47-3418, subsection D. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

A.R.S. § 47-3301.  Therefore, Ditech has any right to enforce the Note that Countrywide held.

As alleged, Ditech is also the Beneficiary under the Deed of Trust because the transfer of a contract secured by a trust deed operates as a transfer of the trust deed. A.R.S. § 33-817.  A mortgage is a "mere incident" to the debt it secures:

The law seems to be well settled that the mortgage is a mere incident to the debt and that its transfer or assignment does not transfer or assign the debt or the note.  The mortgage goes with the note.  If the latter is transferred or assigned, the mortgage automatically goes along with the assignment or transfer. . . .  The mortgage, being a mere incident of the debt, cannot be assigned separately from it, so as to give any beneficial interest.  . . .  A mortgage, as distinct from the debt it secures, is not a thing of value nor a fit subject of transfer; hence an assignment of the mortgage alone, without the debt, is nugatory, and confers no rights whatever upon the assignee. . . . An assignment of the note carries the mortgage with it, while the assignment of the latter alone is a nullity.

*Hill v. Favour*, 52 Ariz. 561, 568, 84 P.2d 575, 578 (1938); *accord Rodney v. Arizona Bank*, 172 Ariz. 221, 223, 836 P.2d 434, 436 (Ct. App. 1992).  Thus, transfer of the Note from Countrywide to Ditech operated as a transfer of the Deed of Trust.

Erickson contends that Ditech is barred from seeking judicial foreclosure because it failed to assert that as a compulsory counterclaim in its Answer to the Second Amended Complaint.  The Arizona Deed of Trust Act explicitly provides that a trustee or beneficiary may file and maintain an action for judicial foreclosure at *any* time before the trust property has been sold under the power of sale.  A.R.S. § 33-807(B).  Without any authority, it cannot be concluded that, by seeking declaratory judgment that Ditech was not the Note Holder or Beneficiary of the Deed of Trust, Erickson forced Ditech to elect judicial foreclosure or forever waive its right to do so.

1

2

The Court does not consider Erickson's additional arguments raised for the first

3

time in her reply brief.

4

IT IS THEREFORE ORDERED that the Motion to Dismiss Counterclaim (Doc.

5

158) by Plaintiffs and Counterdefendants Judith D. Erickson individually and as Trustee

6

of The Erickson Family Trust is denied.

7

Dated this 29th day of July, 2016.

8

9

10

_____

Neil V. Wake

United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -